UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MAGNIFLOOD, INC. d/b/a MAG-LED

                                  Plaintiff,                       **COMPLAINT**

  -against-

CLINIQUE LABORATORIES AND/OR
CLINIQUE LABORATORIES, LLC and
STYLMARK, INCORPORATED,

                                 Defendants.

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2008 ★
LONG ISLAND OFFICE

CV-08 1240
SEYBERT, J.
WALL, M.J.

-------------------------------------------------------------------X

Plaintiff, MagniFlood, Inc., sometimes d/b/a MAG-LED, by its attorneys, Robert Jay Dinerstein, P.C., Robert Jay Dinerstein, Esq., of counsel, complaining of defendants Clinique Laboratories and/or Clinique Laboratories, LLC and Stylmark Incorporated, respectfully alleges and shows this court:

**PARTIES**

1. Plaintiff, MagniFlood, Inc. ["MagniFlood"] is a corporation duly organized and existing in accordance with the laws of the State of New York.

2. At times relevant hereto, MagniFlood has maintained a place of business at 7200 New Horizons Boulevard, North Amityville, NY, 11707.

3. At times relevant hereto plaintiff MagniFlood, Inc. has done business as MAG-LED ("MAG-LED").

4. Defendant Clinique Laboratories appears to be a branch of or a d/b/a for an entity; said entity currently being unknown to the plaintiff.

5. At times relevant hereto Clinique Laboratories has maintained a place of business at 767 Fifth Avenue, New York, NY.

6. Defendant Clinique Laboratories, LLC is a Delaware Limited Liability Company.

7. Defendant Clinique Laboratories, LLC is duly registered with the Department of

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109
(631) 462-1226

State of the State of New York to do business in the State of New York.

8. At times relevant hereto defendant Clinique Laboratories, LLC has maintained its principal place of business at 767 Fifth Avenue, New York, NY.

9. Upon information and belief, defendant Stylmark Incorporated ["Stylmark"] is not an entity duly authorized to conduct business in the State of new York.

10. Upon information and belief, at times relevant hereto defendant Stylmark has maintained a place of business at 6536 Main Street, N.E., Minneapolis, Minnesota.

## NATURE OF THE CASE, JURISDICTION AND VENUE

11. Defendant Clinique laboratories and defendant Clinique Laboratories, LLC, are jointly referred to herein as "Clinique".

12. This is an action for trade dress infringement for the manufacture, creation, sale and display of display stands which misappropriated plaintiff's lighting, designs and trade dress.

13. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§1331 and 1338.

14. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§1367 and 1338.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109

(631) 462-1226

## FACTS

16. MagniFlood is in the business, *inter alia,* of designing, developing and building custom LED lighting displays for the presentation of customer's cosmetic products.

17. MagniFlood designs, develops and builds, amongst other things, custom LED lighting display stands for manufacturers and/or distributors of cosmetics to display the manufacturer's/distributor's products to customers in department stores and other retail locations.

18. Trade Dress consists of a collection of design elements and the combination of such elements, or almost all of such elements, gives the display stands developed by MagniFlood a distinct overall look and commercial impression.

19. At the special invitation and request of Clinique, plaintiff designed, created and manufactured LED lit display stands to be used by Clinique for the display of Clinique products.

20. Display stands were specifically designed by the plaintiff for Clinique's use.

21. The display stands designed by the plaintiff for Clinique were of a distinctive design

22. MAG-LED/Clinique display stands featured a distinctive and unique combination of elements which collectively created a particular Trade Dress.

23. Although the distinctive elements of the MAG-LED/Clinique display stands cannot be readily described in words, the following generally describes the elements of the MAG-LED/Clinique Trade Dress:

> The fixture is composed of an extruded aluminum profile designed specifically for Clinique. The profile measured roughly 1.5" in diameter and designed with an integral channel to accommodate a linear strip of LEDs to illuminate the cosmetics being displayed below.

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109
(631) 462-1226

The extrusion is supported by mounting 5/8" round extruded tubing, bent to compliment the angles of the displays they are illuminating. The extruded channel that houses the LEDs is mounted in such a way that it avoids projecting light into the intended customer/customer's face.

A color temperature of 2800-3500 Kelvin [or commonly known as warm white] was utilized in order to give a true color appearance to the cosmetics which is integral to the type of display desired by manufacturers of cosmetics.

The finish of the units can be either a nickel chrome plate, bright dip anodize or any other or equal finish that will give a shiny look to the exterior of the mounting arms and fixture body.

24. The distinctive features set forth above constitute a distinctive Trade Dress with secondary meaning.

25. Plaintiff is known as the source and origin of the display stands created by the plaintiff for Clinique.

### INFRINGEMENT ACTIVITIES OF DEFENDANT

26. Impressed by the appealing and distinctive nature of the plaintiff's display stands, Clinique purchased and used plaintiff's display stands, the MAG-LED/Clinique Trade Dress, for display of its products.

27. There came a time that Clinique stopped ordering plaintiff's display stands.

28. Upon information and belief, Stylmark has manufactured, sold, offered for sale and/or distributed copies of the MAG-LED/Clinique display stands which display stands embodied the MAG-LED/Clinique Trade Dress.

29. On information and belief, such activities were done willfully and knowingly.

30. After discontinuing ordering the MAG-LED Trade Style displays from plaintiff,

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
18 CROSS BOW LANE
COMMACK, N.Y. 11725-2109

(631) 462-1226

R:\CLIENTS\MagniFlood Stylmark\Pleadings\Complaint 3-26-08.wpd

Clinique purchased display stands from Stylmark which display stands were virtually identical to the display stands developed and designed by the plaintiff for Clinique - the MAG-LED/Clinique Trade Style.

31. Clinique knew that the displays purchased from Stylmark were based upon designs copied from the MAG-LED/Clinique display stand designs.

32: Clinique knew or reasonably should have known that such products were confusingly similar to the MAG-LED/Clinique Trade Dress.

33. No Defendant in this action has sought or received a license or authorization from the plaintiffs for any purpose whatsoever, including for the acts described herein.

## TRADE DRESS INFRINGEMENT
## 15 U.S.C. § 1125(a)

34. Defendants have reproduced, copied and imitated the MAG-LED/Clinique Trade Dress in designing the display stands Stylmark marketed to Clinique.

35. Stylmark's display stands as marketed to Clinique were confusingly similar to the distinctive MAG-LED/Clinique Trade Dress.

36. Defendants' adoption and use of the MAG-LED/Clinique Trade Dress constitutes Trade Dress infringement and deliberate and willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (a).

37. The actions and conduct of Defendants complained of herein have damaged plaintiff and will, unless restrained, further impair, if not destroy, the value of the MAG-LED/Clinique Trade Dress and the goodwill associated therewith.

38. Defendants' Trade Dress infringement has caused plaintiff to sustain monetary damage, loss and injury, in an amount thus far not determined, but believed to be in excess of Two Hundred Thousand Dollars ($200,000.00).

39. Defendants' Trade Dress infringement, unless enjoined by this court, will

Robert Jay Diuerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2100
(631) 462-1226

continue to cause plaintiff to sustain irreparable damage, loss and injury, for which plaintiff has no adequate remedy at law.

## PUNITIVE DAMAGES

40. That the damages suffered by plaintiff have been compounded by defendants' wanton, wicked, malicious, morally culpable and/or reprehensible conduct.

41. That compensatory damages cannot adequately compensate plaintiff for the wrongs plaintiff has been caused to suffer.

42. That punitive/exemplary damages must be awarded not only to punish defendants for the egregious wrongs complained of but to deter those who might otherwise be prompted to indulge in similar conduct in the future.

43. Compensatory damages will not suffice to make a sufficient example to discourage others from engaging in such wrongful acts.

44. That, in addition to the other relief to which plaintiff is deemed entitled, plaintiff should also receive, and hereby respectfully demands, an award of punitive/exemplary damages of at least One Million Dollars ($1,000,000.00) as against each of the defendants.

**WHEREFORE**, plaintiff demands:

A. That defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them or any of them, be permanently enjoined and restrained:

A.1. From using in any manner the MAG-LED/Clinique Trade Dress, alone or in combination with any other designs, in a manner likely to cause confusion, deception, or mistake on or in connection with advertising, offering for sale or sale of any goods not manufactured by plaintiff, or not authorized by plaintiff to be sold in connection with their respective said marks; and

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109
(631) 462-1226

R:\CLIENTS\MagniFlood Stylmark\Pleadings\Complaint 3-26-08.wpd

A.2. From representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief that defendants, or any of their goods, are authorized or sponsored by the plaintiff; and

A.3. From passing off, inducing or enabling others to sell or pass off any goods as products produced by plaintiffs that are not in fact genuine plaintiff's goods or not produced under the control and supervision of the plaintiff and approved by the plaintiff; and

A.4. From otherwise competing unfairly with the plaintiff in any manner.

B. That defendants be required to deliver up to plaintiff for destruction, any and all goods in their possession or under their control that were or are being advertised, promoted, offered for sale or sold in connection with the MAG-LED/Clinique Trade Dress, whether alone or in combination with any words or designs.

C. That defendants be required to deliver up to plaintiff for destruction, any and all catalogs, circulars and other printed material in their possession or under their control displaying or promoting the goods that were or are being advertising, promoted, offered for sale or sold in connection with the MAG-LED/Clinique Trade Dress, whether alone or in combination with any words or designs.

D. That defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon plaintiffs, within thirty (30) days of the entry of the injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the permanent injunction.

E. That defendants be required, pursuant to 15 U.S.C. § 1117, to account to plaintiff for any and all profits derived by it, and for all damages sustained by plaintiffs by reason of defendants' actions complained of herein, including an award of treble damages as provided for statute.

F. That plaintiff be awarded punitive damages of at least One Million Dollars ($1,000,000.00) as against each defendant..

Robert Jay Dinerstein, P.C.
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109
(631) 462-1226

R:\CLIENTS\MagniFlood Stylmark\Pleadings\Complaint 3-26-08.wpd

Page 7

   G.  That plaintiff be awarded both pre-judgment and post-judgment interest on each and every damage award.

   H.  That pursuant to 15 U.S.C. § 1117, plaintiff have and recover from defendants, plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action and

   I.  That plaintiff has such other and further relief as the court may deem just and proper.

   **DATED** this 26th day of March, 2008 at Commack, NY.

                Robert Jay Dinerstein, P.C.

                *[signature]*

                Robert Jay Dinerstein, Esq. [RD7807]
                Attorneys for Plaintiff
                16 Cross Bow Lane
                Commack, NY 11725
                (631) 462-1226

*Robert Jay Dinerstein, P.C.*
COUNSELOR AT LAW
16 CROSS BOW LANE
COMMACK, N.Y. 11725-2109

(631) 462-1226

R:\CLIENTS\MagniFlood Stylmark\Pleadings\Complaint 3-26-08.wpd